IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-158-1-BO
No. 5:13-CV-205-BO

| | |
|---|---|
| RODRIGUEZ DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence and the government's motion to dismiss. An evidentiary hearing was held before the undersigned on December 18, 2013, at Raleigh, North Carolina. For the reasons discussed below, the government's motion to dismiss is granted.

## BACKGROUND

Petitioner, Mr. Davis, pleaded guilty pursuant to a plea agreement to one count of possession with intent to distribute twenty-eight grams or more of cocaine base and one count of possession of a firearm by a convicted felon. 21 U.S.C. § 841(a)(1); 18 U.S.C. § 922(g)(1). In his plea agreement, Mr. Davis agreed, *inter alia*, to waive knowingly and expressly all rights to appeal whatever sentence was imposed, including any issues relating to the establishment of his advisory Guideline range, or to challenge his conviction or sentence in any post-conviction proceeding, except an appeal or motion based on ineffective assistance of counsel not known at the time of his guilty plea. [DE 35]. On December 7, 2011, a sentencing hearing was held at which it was determined that Mr. Davis' advisory Guideline range was 100 to 125 months on

count three and 100 to 120 months on count four. Mr. Davis was sentenced to a total term of imprisonment of 100 months.

Mr. Davis did not file a direct appeal, and filed the instant motion to vacate on March 21, 2013. The government has acknowledged the apparent untimeliness of Mr. Davis' motion, *see* 28 U.S.C. § 2255(f), but has addressed the issues raised on their merits in light of circumstances that could arguably toll the limitations period. The Court thus declines to examine the timeliness of the motion *sua sponte* and addresses the issues raised therein.

## DISCUSSION

Mr. Davis raises two claims of ineffective assistance of counsel. In order to demonstrate that the assistance of his counsel was ineffective, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

Mr. Davis first claims that he asked his trial counsel to notice a direct appeal and counsel failed to do so. The government agreed that an evidentiary hearing on this issue would be appropriate. Defense counsel's failure to file a notice of appeal when requested deprives a

2

defendant of his Sixth Amendment right to effective assistance of counsel, even if the requested appeal will likely not succeed. *United States v. Peak*, 992 F.2d. 29, 42 (4th Cir. 1993); *see also Flores-Ortega*, 528 U.S. at 477 (disregard of specific instruction to file notice of appeal is per se deficient performance). Counsel will also be found to have provided ineffective assistance where there was a constitutionally imposed duty to consult the defendant about an appeal and counsel failed to do so. *Flores-Ortega*, 528 U.S at 480. This duty arises "when there is reason to think either (1) that a rational defendant would want to appeal . . ., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.*

Trial counsel for Mr. Davis, Slade Trabucco, testified at the evidentiary hearing. Mr. Trabucco testified that while he did not recall specifically whether Mr. Davis requested an appeal, he did meet with Mr. Davis after his sentencing hearing and that Mr. Davis was happy with his sentence. Mr. Trabucco also testified that after the sentencing he advised Mr. Davis not to appeal in light of both the appeal waiver in his plea agreement and the fact that Mr. Davis had cooperated and was hoping that the government would file a motion to reduce his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Mr. Trabucco testified that nothing in his file reflected that Mr. Davis was interested in appealing his sentence, nor was such intent evidenced in an email from Mr. Davis' girlfriend following sentencing or Mr. Trabucco's recollection of a telephone conversation with Mr. Davis' mother.

Mr. Davis also testified at the evidentiary hearing. Mr. Davis testified that after his sentencing he instructed Mr. Trabucco to file an appeal, and that he was happy with his attorney after the sentencing hearing.

Having considered the conflicting testimony in this matter, the Court finds more credible

3

the testimony of Mr. Trabucco that petitioner did not expressly request that an appeal be filed on his behalf. Accordingly, Mr. Trabucco's performance was not *per se* ineffective. Nor does the Court find that Mr. Trabucco violated a constitutionally imposed duty to consult Mr. Davis about an appeal. First, the Court finds credible Mr. Trabucco's testimony that he did in fact consult Mr. Davis about filing an appeal. Second, even if he had not, a rational defendant in Mr. Davis' position would not have wanted to appeal in light of both his appellate waiver and his efforts toward receiving a reduction in his sentence under Rule 35. Finally, the Court does not find that Mr. Davis has reasonably demonstrated that he was interested in filing an appeal. Mr. Davis has presented no letters to Mr. Trabucco in which he requested or discussed an appeal, nor was there evidence from his family members or girlfriend that Mr. Davis had requested an appeal or believed that an appeal had been filed.

Accordingly, the Court finds that Mr. Trabucco's performance regarding an appeal was not deficient and that Mr. Davis did not in fact request that an appeal be filed on his behalf. Mr. Davis' first claim for relief must therefore be dismissed.

Mr. Davis' second claim is that Mr. Trabucco was ineffective for failing to raise an objection to a one point enhancement in Mr. Davis' presentence report. First, the Court notes that Mr. Davis has in his plea agreement waived his right to contest his sentence in any post-conviction proceeding. [DE 35]. Second, Mr. Davis has failed to show that any prejudice resulted from Mr. Trabucco's allegedly deficient performance. Mr. Davis contends that, had he been successful in challenging the additional point in his guidelines calculation, his advisory Guideline range would have been 87-108 months. Even assuming, *arguendo*, that Mr. Trabucco's performance was in some way deficient for not raising an objection, Mr. Davis has

4

not shown that the result of the proceeding would have been different. Indeed, Mr. Davis was sentenced to 100 months' imprisonment, which remains within the Guideline range suggested as appropriate by Mr. Davis. Mr. Davis' contention that an adjustment of his Guideline range would necessarily result in this Court's imposition of the low-end of the adjusted range is without merit. Mr. Davis' second claim must also be dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 60] is GRANTED and petitioner's motion to vacate [DE 55] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 26 day of December, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5