IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-158-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RODRIGUEZ DAVIS | ) | |

This cause comes before the Court on defendant's *pro se* motion requesting an early trial under General Statute 15A-711. [DE 106]. The government has responded, and the matter is ripe for review.

Defendant Davis was sentenced by this Court on December 7, 2011, to a term of 100 months' imprisonment and a total of four years of supervised release following his plea of guilty to drug and gun charges. [DE 51]. His sentence was subsequently modified to eighty-four months' imprisonment. [DE 102]. Davis' plea of guilty waived any challenge to non-jurisdictional defects, including the right to a speedy trial. *See United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993); *United States v. Moreno-Serafin*, 251 F. App'x 185, 187 (4th Cir. 2007).

It appears that Davis was released from federal custody on January 13, 2017. https://www.bop.gov/inmateloc/ (last visited August 9, 2018). It further appears that Davis is currently serving a North Carolina state sentence, with a projected release date of August 29, 2018. *See* https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0462595&searchOffenderId=0462595&listurl=pagelistoffendersearchresults&listpage=1 (last visited August 9, 2018). Davis filed this motion citing North Carolina General Statute 15A-711, which provides that

> A defendant who is confined in an institution in this State pursuant to a criminal proceeding and who has other criminal charges pending against him may, by written request filed with the clerk of the court where the other charges are pending, require the prosecutor prosecuting such charges to proceed pursuant to this section. A copy of the request must be served upon the prosecutor in the manner provided by the Rules of Civil Procedure, G.S. 1A-1, Rule 5(b). If the prosecutor does not proceed pursuant to subsection (a) within six months from the date the request is filed with the clerk, the charges must be dismissed.

N.C. Gen. Stat. § 15A-711(c). To the extent that Davis is seeking to demand some process in this Court, this Court is not governed by North Carolina criminal procedure. *See Hale v. United States,* 435 F.2d 737, 749 (5th Cir. 1970) ("the criminal procedure of the state in which the district is located is inapplicable."). To the extent that Davis seeks to demand some process in the state courts, his request must be filed in accordance with N.C. Gen. Stat. § 15A-711(c). Finally, to the extent that Davis is seeking to challenge any state action related to his request under § 15A-711(c), such challenge is not appropriate in this criminal proceeding, and habeas corpus relief is unavailable to petitioners who allege only a violation of state law. *Estelle v. McGuire,* 502 U.S. 62, 67 (1991).

Accordingly, for these reasons, the motion requesting early trial [DE 106] is DENIED.

SO ORDERED, this **13** day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE